MORRIS SOKOL, PLAINTIFF-RESPONDENT, v. MILTON J. LIEBSTEIN, T/A UNITED RUBBER MACHINERY EXCHANGE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 18, 1951—Decided July 9, 1951.

Before Judges Jacobs, Eastwood and Bigelow.

*Mr. Louis Auerbacher, Jr.*, argued the cause for the plaintiff-respondent.

*Mr. Phil O. Mayer* argued the cause for the defendant-appellant (*Messrs. Mayer & Mayer*, attorneys).

The opinion of the court was delivered by

Eastwood, J. A. D.   The plaintiff-respondent, Morris Sokol, was employed by the defendant-appellant, Milton J. Liebstein, t/a United Rubber Machinery Exchange, as a salesman and assistant manager.   Plaintiff's employment commenced on or about November 25, 1946, and was terminated on September 14, 1948, at which time he demanded and was refused the payment of additional monies claimed by him under his employment agreement.   Whereupon, the plaintiff instituted the present action against the defendant.

In his complaint the plaintiff charged: (1) that defendant agreed to guarantee him a minimum annual income of $5,000, against which he had a drawing account of $60 per week, later increased to $75 a week, on which there was an unpaid balance of $2,603.30; (2) that commissions remained unpaid for certain sales and purchases effectuated in defendant's behalf, and that after allowing credit for base pay received, there was a balance due of $3,395; and (3) that he was unlawfully discharged without notice, entitling him to an additional two weeks' pay amounting to $192.31.   The third count was withdrawn during the trial.

Defendant admitted hiring plaintiff, but contends that he was engaged on a straight salary of $60 per week, later increased to $75, to perform duties assigned to him; that the nine transactions on which plaintiff claims commissions were consummated by the defendant and not by the plaintiff.

The jury returned a verdict in favor of the plaintiff and against the defendant in the amount of $3,395, besides costs. Whereupon, the defendant applied for a new trial of all the issues on the grounds that the verdict was contrary to the weight of the evidence; that it was the result of mistake, passion and prejudice on the part of the jury; and on the further ground of newly discovered evidence.   At the conclusion of the argument of the motion, the verdict was ordered to be set aside and a new trial directed, unless the plaintiff would agree to the reduction of the verdict to the sum of $2,603.30 and costs.   The plaintiff having consented

to the reduction of the verdict without prejudice, the judgment was accordingly entered, from which judgment the defendant appeals.

The defendant contends that the verdict is contrary to the weight of the evidence; and that. the trial court erred in setting aside the jury's verdict and entering a judgment based upon its own finding, asserting that the proper action would have been to set aside the entire verdict and grant a new trial of the issue.

We are of the opinion that the dispositive issue is the propriety of the trial court's action in setting aside the jury's verdict based on a finding involving commissions on sales effectuated by plaintiff and reducing the verdict to conform to the difference between the salary paid plaintiff and the $5,000 guaranteed annual income.

The evidence was in sharp conflict as to the negotiations leading to plaintiff's employment, the terms of his employment agreement and whether he actually effected the nine transactions he alleges. The trial court charged the jury, *inter alia,* as follows: "If you find from the facts and the law as I have explained it to you, that there was a guarantee; that the plaintiff was promised a minimum of $5,000 a year, then whether or not he effected any sales, he would be entitled to $2,603.30. If you find that he is entitled to his ten per cent commission, then he would be entitled to commissions of $4,190, less what he received. ·You see, he received more than the $60 a week. That is what makes it a little confusing. For part of this period he received $75 a week. So the $15 a week that he was receiving would come off the commissions he is entitled to. So that he is not entitled to $4,190; he is entitled to that less these $15 payments that were given to him. And that is how you get at the amount of $3,395. So you have to consider both those things in coming to your conclusion, if you find that the plaintiff is entitled to recover anything.

"I think I might repeat that for you, so that you will not be confused. If you find that the plaintiff is entitled to

the minimum pay of $5,000, then according to the figures that have been submitted (and I now would suggest that if I am wrong in this I will give counsel the privilege of interrupting me), then he would be entitled to a verdict of $2,603.30. If he is entitled to the ten per cent commission, he would be entitled to $3,395 or such part of the $3,395 as he has established. He is limited to the sales he proved as having been effected by him."

The power of the trial court, in the exercise of its discretion, to give a plaintiff the option of accepting a reduced verdict or going to a new trial is too well established to require citation. Such action is reviewable only upon the ground of abuse of discretion. *Wilson v. G. R. Wood, Inc.*, 121 *N. J. L.* 41, 43 (*E. & A.* 1938). See also *Esposito v. Lazar*, 2 *N. J.* 257, 259 (1949); *Elvin v. Public Service Coordinated Transport*, 4 *N. J. Super.* 491, 494 (*App. Div.* 1949); *State v. Standard Oil Co.*, 5 *N. J.* 281, 308 (1950); *Beronio v. Pension Commission of Hoboken*, 129 *N. J. L.* 557 (*Sup. Ct.* 1943); affirmed 130 *N. J. L.* 620 (*E. & A.* 1943). More recently in the case of *Cortese v. Cortese*, 10 *N. J. Super.* 152, 158 (*App. Div.* 1950), it was held that:

"* * * judicial discretion is not an arbitrary or personal discretion to be exercised according to the whim or caprice of the individual judge; it is a mere legal discretion and he should use the authority reposed in him when the essential requisites for its exercise exist and the justice of the course is apparent. *McFeely v. Board of Pension Commissioners of Hoboken*, 1 *N. J.* 212, at 215 (1948). We are empowered to review his action and to reverse it when it appears his judicial discretion was not properly exercised in the circumstances, and it also appears the error injuriously affected the substantial rights of a party. *State v. Hunter*, 4 *N. J. Super.* 531, at 535 (*App. Div.* 1949); *cf. Rules* 1:2–20 and 3:81–13."

The pertinent portion of *Rule* 1:2–20, as amended on June 7, 1951, reads:

"A verdict of a jury shall be set aside as against the weight of the evidence if, having given due regard to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion."

■ It seems to us that the action of the trial court in reducing the verdict of the jury in the case at bar is rather different than the usual cases where the damages assessed by the jury are reduced on the ground of excessiveness. Here, it is apparent from the verdict that the jury found that the plaintiff had proved to its satisfaction (1) the existence of the employment agreement; (2) that he was guaranteed a minimum annual salary of $5,000; and (3) that he had consummated the nine transactions and was entitled to a ten per cent commission thereon. The trial judge's action in reducing the verdict clearly indicates that he reached the conclusion that that part of the jury's findings that the plaintiff was entitled to the ten per cent commissions on the nine transactions was against the weight of the evidence, but that its findings that there was an agreement of employment between the parties and under that agreement the plaintiff was entitled to a guaranteed income of $5,000 per annum, were not against the weight of the evidence. In other words, the court chose to accept the jury's findings on two of the issues decided by it and rejected the third. It cannot be gainsaid that the issue of the plaintiff's credibility was involved in all three of the facets that the jury was called upon to consider and which it decided favorably to the plaintiff. In view of the fact that the plaintiff's credibility was so important a factor in deciding all three issues, we are of the opinion that a new trial should have been granted on all issues and that the trial court erroneously exercised its discretionary power.

The judgment is reversed and a new trial on all issues is directed.